# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**EARL LEWIS ANDERSON, JR.**                                                  **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:15-CV-603-CWR-LRA**

**TCHULA POLICE DEPARTMENT, ET AL.**                             **DEFENDANTS**

## ORDER

This cause is before the Court on the Motion for Judgment on the Pleadings filed by Kenny Hampton and Willie Phillips ("Municipal Defendants"). *Pro se* Plaintiff Earl Lewis Anderson, Jr. has responded, and the matter is ready for review.

On August 8, 2014, Anderson was arrested in Tchula, Mississippi. A Holmes County grand jury indicted him on February 4, 2015, for two counts of aggravated assault on a law enforcement officer.

Over six months later, Anderson filed this suit pursuant to 42 U.S.C. § 1983. He brought false arrest and excessive force claims. On December 2, 2015, the Court stayed the action pending the resolution of Anderson's criminal charges.

On September 8, 2016, a second grand jury issued a superseding indictment of two counts of aggravated assault on a law enforcement officer, as well as one count of felony fleeing. Anderson pleaded guilty to felony fleeing and one count of assault on an officer, with the second count remanded to the file. He was sentenced to five years' imprisonment.

Following Anderson's guilty plea, the Court lifted the stay. Defendants have moved for judgment on the pleadings. The legal standard is well-established. *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Defendants argue and the Court agrees that the *Heck* doctrine bars relief. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot attack the validity of her conviction or sentence in a § 1983 damages action without proving that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994). The Fifth Circuit has made clear that a plaintiff has no cognizable false arrest or excessive force claim under § 1983 so long as her conviction remains undisturbed. *See Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004); *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996).

Anderson's conviction has not been reversed on direct appeal, expunged, declared invalid, or otherwise called into question in a habeas proceeding. Accordingly, his claims are precluded under *Heck*.

Defendants' Motion is granted. Plaintiff's claims as to the Municipal Defendants are dismissed. This case shall proceed against the remaining defendants.

**SO ORDERED**, this the 13th day of August, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE