**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**EARL LEWIS ANDERSON**                                                      **PLAINTIFF**

**V.**                                    **CAUSE NO. 3:15-CV-603-CWR-LRA**

**MISSISSIPPI BUREAU OF**                                      **DEFENDANTS**
**INVESTIGATION, et. al.,**

## ORDER GRANTING SUMMARY JUDGMENT

On August 8, 2014, Earl Lewis Anderson was involved in a chase with two Tchula police officers. Officers fired shots at Anderson while he was in his truck and the chase ended with Anderson's arrest. Because Anderson's arrest involved an officer-involved shooting, the Mississippi Bureau of Investigation ("MBI") was notified and MBI Agent Jeris Davis conducted an investigation into the actions of the Tchula police. Anderson's § 1983 claims against the MBI and its employees stem from the events surrounding his arrest. The Court has provided a more detailed account of the procedural history of this case in its August 13, 2018 Order granting judgment on the pleadings for two Tchula police officers, Kenneth Hampton and Willie Phillips. Docket No. 48.

Since that Order, the remaining defendants—the Mississippi Bureau of Investigation, Colonel Donnell Berry, Major Charles Lawrence, and Special Agent Jeris Davis (collectively the "State Defendants")—have filed for summary judgment. Anderson has responded in opposition and filed multiple motions requesting reconsideration of this Court's Order granting judgment on the pleadings and reconsideration of Magistrate Judge Linda Anderson's denial of his request to appoint counsel. Docket Nos. 50, 56–60. The Court will address the motions from both parties.

## I. Anderson's Motions for Reconsideration

Anderson seeks the Court's reconsideration of its previous judgment on the pleadings, which dismissed the claims against the individual Tchula officers, and the Court's previous denial of his request for appointment of counsel. Docket Nos. 50, 56–57. Federal courts recognize "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Having considered Plaintiff's motions, the record, and relevant legal authorities, the Court finds that the motions are not well-taken and should be DENIED.

## II. State Defendants' Motion for Summary Judgment

### A. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). When considering a summary judgment motion, the court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013) (citations omitted). But the non-moving party cannot satisfy its burden by offering "conclusory allegations, speculation, or unsubstantiated assertions." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citations omitted).

The Court will address each of the remaining defendants in turn.

### B. Mississippi Bureau of Investigation

It is undisputed that the Mississippi Department of Public Safety is an agency of the state, and is entitled to Eleventh Amendment immunity. *Shaffer v. Miss. Highway Safety Patrol*, No. 4:11-CV-111-CWR-LRA, 2012 WL 2846884, at *1 (S.D. Miss. Mar. 6, 2012). MBI is a part of the Mississippi Department of Public Safety, and as such is entitled to the same immunity from suit. *See* Miss. Code Ann. § 45-3-21 (2).

The Eleventh Amendment bars any official-capacity claims against MBI employees, which includes Colonel Berry, Major Lawrence, and Special Agent Davis. *See Tuft v. Texas*, 410 F. App'x 770, 776–77 (5th Cir. 2011).

Because, the claims against the MBI and the MBI officers in their official capacities are barred, summary judgment is GRANTED in their favor.

### C. Colonel Berry and Major Lawrence-Individual Capacities

The State Defendants argue that Colonel Berry and Major Lawrence were not involved in the MBI investigation of the shooting. Anderson has not refuted this with any facts connecting them to the investigation. "For there to be liability under section 1983, a defendant must have been personally involved in the conduct causing a deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional right sought to be redressed." *See King v. Louisiana*, 294 F. App'x 77, 83 (5th Cir. 2008). For that reason, the two officers are GRANTED summary judgment on the claims against them in their individual capacities.

### D. Special Agent Davis – Individual Capacity

Anderson's claim against Special Agent Davis, the MBI officer who conducted the investigation, is that he "conspired" with the local Tchula police officers to have Anderson convicted. For the same reasons that judgment on the pleadings was granted for the Tchula police

officers, this claim against Special Agent Davis is barred under the *Heck* doctrine.[1] "If the underlying constitutional claims are barred by *Heck*, so is the conspiracy claim." *Brown v. St Tammany Par. Sheriff's Office*, No. CV 13-5238, 2016 WL 1722123, at *5 (E.D. La. Apr. 29, 2016) (citations omitted). The Court has already barred the underlying constitutional claims regarding the unlawful arrest under *Heck*, so the conspiracy claim against Agent Davis is also barred. *See* Docket No. 48. For that reason, summary judgment is GRANTED in Agent Davis's favor.[2]

### III. Conclusion

For these reasons, Anderson's Motions for Reconsideration are denied [Docket No. 50, 56, 57] and summary judgment is granted for the State Defendants [Docket No. 53]. A separate final judgment closing this case will issue.

**SO ORDERED**, this the 28th day of September, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot attack the validity of his conviction or sentence in a § 1983 damages action without proving that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486–87 (1994).

[2] Even if *Heck* had not applied, it is likely that Agent Davis would have been entitled to qualified immunity. The Court need not go through that analysis in detail for the reasons already stated under *Heck*.